**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FRANCISCO M. E., | Case No. 8:24-cv-02287-AB (AGR) |
| Plaintiff, | |
| v. | **ORDER ACCEPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE** |
| FRANK BISIGNANO, Commissioner of Social Security, | |
| Defendant. | |

Pursuant to 28 U.S.C. section 636, the Court has reviewed the Complaint, the records on file, and the Report and Recommendation of United States Magistrate Judge ("Report"). Further, the Court has engaged in a *de novo* review of those portions of the Report to which objections have been made.

The Report recommends reversal of the Commissioner's decision and remand to the agency for further proceedings. (Dkt. No. 15.) Defendant's objections to the Report (Dkt. No. 17) do not merit any change to the Report's findings or recommendations.

Defendant objects that the Administrative Law Judge ("ALJ") reasonably evaluated Dr. Nemovi's August 2023 opinion. (Dkt. No. 17 at 5-8.) Dr. Nemovi found that, based on an examination, Plaintiff was able to lift and carry 20 pounds

occasionally and 10 pounds frequently, but had no hand use impairment.  (Dkt. No. 9-11 at 209-10.)   The ALJ found Dr. Nemovi's opinion not persuasive because it was inconsistent with other medical evidence of record showing only minimal degenerative changes of the hands, minimal findings of swelling and tender joints of the hands, conservative hand treatment with diclofenac, and Plaintiff's report that his hand pain was relieved with medication.  (Dkt. No. 9-3 at 30.)  Dr. Nemovi, however, found that Plaintiff had no hand use impairment.  (Dkt. No. 9-11 at 210.)  Thus, the ALJ's reasoning to reject Dr. Nemovi's opinion, based on findings involving Plaintiff's hands, was not responsive to the part of Dr. Nemovi's opinion about Plaintiff's ability to lift and carry.  *See* Social Security Ruling 96-8P, 1996 WL 374184, at *5-*6 (classifying lifting and carrying limitations separately from manipulative limitations).  The Court agrees with the Report that the ALJ's reasoning to reject that portion of Dr. Nemovi's opinion was not supported by substantial evidence, because "the medical records could be read to support a limitation to light work due to Plaintiff's hernia condition dating back to September 1 2022[.]"  (Dkt. No. 15 at 7.)  And although Defendant identifies other possible reasons for rejecting Dr. Nemovi's opinion (Dkt. No. 6 at 6-7), the Court may not review them because the ALJ did not cite them.  "We are constrained to review the reasons the ALJ asserts."  *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003) (citing *SEC v. Chenery Corp.* 332 U.S. 194, 196 (1947)).

Defendant objects that "[t]he consistency factor was not met by the [Report's] assumed progression in Plaintiff's osteoarthritis."  (Dkt. No. 17 at 8.)  But the burden to assess the consistency factor, *i.e.*, the consistency of Dr. Nemovi's opinion with evidence from other medical and nonmedical sources, *see Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022), belonged to the ALJ, not the Report.  The Report made no consistency finding.  Rather, the ALJ's consistency analysis was not supported by substantial evidence because it was based on evidence about Plaintiff's hands, while Dr. Nemovi found no hand use impairment.

Defendant objects that Plaintiff in his opening brief failed to challenge the ALJ's determination of his hernia condition, so the Report's consideration of the hernia condition should not be adopted.  (Dkt. No. 17 at 9-10.)  But although Plaintiff's opening brief did not specifically mention his hernia, it did argue more broadly that the medical evidence showed Plaintiff was limited to light work rather than medium work.  (Dkt. No. 10 at 14-15.)  Dr. Nemovi found that Plaintiff essentially was limited to light work, by finding that Plaintiff could lift and carry 20 pounds occasionally and 10 pounds frequently.  (Dkt. No. 9-11 at 209.)  The ALJ did not state any reasons why that finding by Dr. Nemovi was not persuasive.  (Dkt. No. 9-3 at 30.)  Thus, the Court agrees with the Report that the ALJ's rejection of Dr. Nemovi's opinion was not supported by substantial evidence.  (Dkt. No. 15 at 7.)

It is ordered that (1) the Report and Recommendation is accepted; (2) the Commissioner's decision is reversed, and the matter is remanded for reconsideration of Plaintiff's residual functional capacity for the period beginning September 1, 2022.

Dated: March 18, 2026

_____
HON. ANDRÉ BIROTTE JR.
UNITED STATES DISTRICT JUDGE